IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAKETA JOLLY                    :
42 Kingston Terrace             :
Aston, PA 19014                 :
                                :
          v.                    :    Civil Action No.
                                :
TROOPER STEPHEN M. KAMNIK       :
Troop K, Media Barrick          :
1342 West Baltimore Pike        :    JURY TRIAL DEMANDED
Media, PA 19063                 :

**COMPLAINT**

**Jurisdiction**

1.  This action is brought pursuant to 42 U.S.C. § 1983.
Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1),(3),(4)
and the aforementioned statutory provision.  Plaintiff further
invokes the supplemental jurisdiction of this Court pursuant to
28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

**Parties**

2.  Plaintiff, Maketa Jolly, is an adult individual who
resides at 42 Kingston Terrace, Aston, Delaware County,
Commonwealth of Pennsylvania.

3.  Defendant, Trooper Stephen M. Kamnik, is a law
enforcement officer employed by the Commonwealth of Pennsylvania
and the Pennsylvania State Police and is assigned to Troop K
barracks, Delaware County, Commonwealth of Pennsylvania.  At all
times relevant hereto, he was acting under color of state law.
He is being sued in his individual capacity.

4.   At all relevant times, Defendant, Stephen M. Kamnik, by his actions deprived Plaintiff, Maketa Jolly, of her constitutional and statutory rights as hereinafter described.

**Factual Allegations**

5.   On or about May 23, 2019 Plaintiff, Maketa Jolly, received a phone call from the employer of her son, Jordan.

6.   The phone call related that Plaintiff's son had been found unresponsive and an ambulance had been called.

7.   As would be expected, immediately upon receiving that phone call advising her that her son was unresponsive and required an ambulance, Plaintiff, Maketa Jolly, immediately got into her car and drove to her son's place of employment.

8.   Upon arriving at her son's place of employment, Plaintiff was able to see her son, observe that he was unresponsive and pleaded with the paramedics on the scene to immediately transport her son to the hospital.

9.   She also requested that she be allowed to ride with her son in the ambulance but this request was refused.

10.   As the ambulance began the trip to Riddle Memorial Hospital, Plaintiff followed in her own personal vehicle.

11.   Plaintiff was traveling northbound on Route 252 in Middletown Township.  She brought her vehicle to a stop at the intersection with Route 452.  At that intersection she observed a vehicle, marked Pennsylvania State Police vehicle facing

2

southbound at the intersection of Routes 252 and 452.  When the traffic light turned green, Plaintiff pulled off and continued on her journey to the hospital where her son was being taken.

12.   However, as Plaintiff proceeded northbound on Route 252, she noticed that the Pennsylvania State Police vehicle which had also been stopped at Route 452 had made a U-turn and pulled directly behind her.

13.   Plaintiff continued on her journey for approximately another two miles and she entered the parking lot of Riddle Memorial Hospital where her son had been taken.

14.   Plaintiff parked the car and got out of the vehicle.  At that point, Defendant, Trooper Kamnik, rapidly approached Plaintiff and grabbed her by the arm and screamed at her "Do you know why I am here?"

15.   Defendant, Trooper Kamnik, then began to violently twist Plaintiff's arm causing her to move forward.  Plaintiff asked the Defendant Trooper why he was twisting her arm.

16.   Defendant, Trooper Kamnik, then forcibly removed Plaintiff from her car, without giving her any opportunity to do so on her own accord.

17.   Defendant, Trooper Kamnik, then tried to take Plaintiff to the ground by kicking at her legs.

18.   Defendant, Trooper Kamnik, then threw Plaintiff violently up against his vehicle telling her she was under arrest

3

and placed her in handcuffs.  The Defendant Trooper refused to
tell Plaintiff why she was being arrested.

19.  After Plaintiff was placed in handcuffs, Defendant,
Trooper Kamnik, then began to perform a search of Plaintiff
including patting down her body.

20.  Plaintiff asked the Trooper to stop the search and
requested that a female law enforcement officer be brought to
conduct any search of her body.  Defendant, Trooper Kamnik,
refused that request and continued to manually search Plaintiff's
body including fondling her breasts and pelvic area.

21.  Defendant, Trooper Kamnik, then, without probable cause,
suspicion or a warrant, searched Plaintiff's vehicle.

22.  No contraband was uncovered during either the search of
Plaintiff's body or of Plaintiff's vehicle.

23.  Plaintiff was then taken to the Pennsylvania State
Police barracks in Media, Pennsylvania, where she was chained to
a bench.  She was forced to sit chained on the bench from
approximately 7:00 p.m. to 11:00 p.m.

24.  At approximately 11:15 p.m. she was taken to the Upper
Darby Township Police station where she was placed in a holding
cell.

25.  At approximately 7:00 a.m. on the following day, May 24,
2019 she was taken back to the Pennsylvania State Police barracks
in Media, Pennsylvania, where she was formally charged with

4

resisting arrest, fleeing or attempting to elude a police
officer, obstructing emergency services.  Those charges were all
false, Defendant Kamnik knew they were false and he caused those
charges to be filed despite knowing that he had no probable cause
to charge Plaintiff with those crimes and further caused those
charges to be filed with malice against the Plaintiff.

26.  In order to have Plaintiff charged with the crimes
described hereinbefore, Defendant, Trooper Kamnick, fabricated
evidence of those crimes and included the fabrications in an
affidavit of probable cause.

27.  As a result of the above mentioned charges, bail was set
for Plaintiff at $50,000.00 unsecured.

28.  As a result of these charges being filed, Plaintiff had
to make multiple court appearances.

29.  On or about August 20, 2019 the resisting arrest and
obstructing emergency services charges were dismissed at
Plaintiff's preliminary hearing.

30.  On or about November 10, 2020 the charge for fleeing or
eluding a police officer was nolle prossed.

31.  At no time relevant herein did Plaintiff commit any
crime.

32.  At no time herein did Defendant, Trooper Kamnik, have
any reasonable suspicion much less probable cause to believe that
Plaintiff had committed any crime.

33.  At no time relevant herein did Plaintiff do anything to resist Defendant Trooper Kamnik's attempt to take her into custody, nor did she do anything which could have been considered a threat to Defendant, Trooper Kamnik, or to anyone else.

34.  At no time had Plaintiff violated any traffic laws or codes while operating her vehicle nor did Defendant, Trooper Kamnik, observe Plaintiff violating any traffic laws or codes.

35.  At no time hereto did Defendant, Trooper Kamnik, advise Plaintiff of the traffic laws or codes she violated nor did Defendant advise Plaintiff why she was being arrested.

36.  Plaintiff, Maketa Jolly, had done nothing to cause Defendant, Trooper Kamnik, to develop any reasonable, articulable suspicion that criminal activity may be afoot.

37.  At no time hereto did Defendant, Trooper Kamnik, have any legal justification to search the Plaintiff.

38.  At no time relevant hereto did Defendant, Trooper Kamnik, have any legal justification to search Plaintiff's vehicle.

39.  At no time relevant hereto did Defendant, Trooper, Kamnik, have any legal justification to arrest Plaintiff, use excessive force on Plaintiff, detain Plaintiff much less file charges against her.

40.  As a direct and proximate result of the actions of the Defendant herein, Plaintiff, Maketa Jolly, suffered and continues

to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent.

41.  The conduct of Defendant, Trooper Kamnik, was malicious, reckless, wanton, willful and was done with an intent to cause physical injury to the Plaintiff.

42.  The actions taken by Defendant, Trooper Kamnik, in this matter were taken under color of state law.

43.  The conduct of Defendant, Trooper Kamnik, violated Plaintiff's rights guaranteed by the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

44.  Plaintiff, Maketa Jolly, incorporates by reference paragraphs 1 through 43 of the instant Complaint.

45.  As a direct and proximate result of Defendant's conduct, committed under color of state law, Plaintiff, Maketa Jolly, was deprived of her right to be free from excessive force, false imprisonment and malicious prosecution, without probable cause. As a result, Plaintiff, Maketa Jolly, suffered and continues to suffer harm in violation of her rights under the laws and Constitution of the United States, in particular, the Fourth Amendment and Fourteenth Amendment thereof, and 42 U.S.C. § 1983.

46.  As a direct and proximate result of the acts of Defendant, Plaintiff, Maketa Jolly, sustained physical injuries, emotional harm, loss of liberty and financial losses, all to her

detriment and harm.

### SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

47.  Plaintiff, Maketa Jolly, incorporates by reference paragraphs 1 through 46 of the instant Complaint.

48.  The acts and conduct of the individual Defendant in this cause of action constitute assault, battery, false imprisonment and malicious prosecution and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate this claims.

WHEREFORE, Plaintiff, Maketa Jolly, requests the following relief:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  Reasonable attorney's fees and costs;

    d.  Such other and further relief as appears
        reasonable and just; and

    e.  A jury trial as to each Defendant and as
        to each count.

8

**PATRICK G. GECKLE, LLC**

By: _____
     Patrick G. Geckle
     Attorney ID No. 26718
     PATRICK G. GECKLE, LLC
     1515 Market St., Ste. 1200
     Philadelphia, PA 19102
     (215) 735-3326 - phone
     (215) 689-2803 - fax
     Email: pgeckle@pgglaw.com

     Counsel for Plaintiff

9