IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAKETA JOLLY** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-1543 |
| | : | |
| **TROOPER STEPHEN M. KAMNIK** | : | |

### MEMORANDUM

**McHugh, J.,**                                                                                                                                 **April 13, 2023**

In their pretrial memoranda, counsel reviewed the law as it pertains to the viability of Plaintiff's claim for malicious prosecution. Having engaged in a colloquy with counsel during the final pretrial conference, and having reviewed the relevant authority, I am persuaded that the Commonwealth's view of the issue is correct - plaintiff's guilty plea in the underlying case prevents her from establishing the necessary element of a favorable termination.

Ms. Jolly was charged with seven offenses: failure to stop at a red light; failure to yield to an emergency vehicle; obstructing an emergency vehicle; attempting to elude a law enforcement officer; reckless driving; careless driving; and resisting arrest. She pleaded guilty to careless driving and the remainder of the charges were dismissed.

The Third Circuit Court of Appeals has held that the "favorable termination element properly focuses on the proceeding as a whole." *Kossler v. Crisanti,* 564 F.3d 181, 193 (3d Cir. 2009), *abrogated on other grounds by Thompson v. Clark*, 142 S. Ct. 1331 (2022). The controlling question is "whether the charge[s] resulting in [dismissal] arises out of the same conduct as the charge resulting in conviction." *Id.* at 190. Here, having reviewed the contemporaneous videotape of the entire incident, it is clear that there was a single sequence of events, and all of the charges arise from Ms. Jolly's operation of her vehicle from the time the

ambulance left her son's place of work until she pulled into the loading area for vehicles at the hospital.

The only charge that arguably could be said to result from different conduct would be resisting arrest, but that arrest in itself can rationally be linked to her attempting to leave her vehicle parked in a zone reserved for emergency vehicles arriving at the hospital. Beyond that, her conduct in attempting to flee the trooper while driving to overtake the ambulance falls within the literal terms of the Pennsylvania statute for resisting arrest. Title 18 § 5104 provides:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa. Stat. and Cons. Stat. Ann. § 5104 (West 2022). As a factual matter, Plaintiff's failure to stop her vehicle as other vehicles pulled to the side, thereby requiring Defendant to continue the pursuit, certainly created a substantial risk to other motorists on the road. In short, because all of the relevant events form part of a single continuum, the charges can be said to arise from the same conduct, and are therefore properly viewed as a whole. Consequently, Plaintiff's guilty plea, albeit to the least serious charge, prevents her from establishing that the underlying criminal prosecution was resolved in her favor.

        /s/ Gerald Austin McHugh
        United States District Judge