**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAKETA JOLLY** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 21-1543** |
| | : | |
| **TROOPER STEPHEN M. KAMNIK** | : | |

**McHUGH, J.** **September 3, 2026**

**MEMORANDUM**

This is a civil rights action that was tried before a jury in April 2023, resulting in a verdict in favor of Defendant Stephen Kamnik, then a Trooper in the Pennsylvania State Police. In April 2026, Kamnik pleaded guilty to a series of felonies and misdemeanors, including sexual abuse of a minor, unlawfully capturing photographic images of women, and unlawful use of state property and resources to create pornographic images for his personal gratification. Plaintiff has filed a series of motions, ECF 38, 40, 42, including one to reopen the judgment based on Federal Rule of Civil Procedure 60(b), given Kamnik's plea. She also seeks transfer of this case to another judicial district because of purported bias against her in the Eastern District. The motions lack merit and will be denied.

**I. The motion to recuse and transfer.**

The threshold issue is the motion to recuse and transfer. With respect to this judicial officer, Plaintiff complains of at least two rulings. The first resulted from a motion in limine filed by the defense seeking to exclude a prior encounter Ms. Jolly had with the Defendant. ECF 16. Importantly, she was represented by highly experienced counsel known for zealous representation of plaintiffs in civil rights claims against police. He saw no basis on which to

oppose the motion, ECF 20, and it was therefore granted as unopposed. Such a ruling by the Court hardly implies bias.

As to the second ruling, the parties' pretrial memoranda reflected a dispute as to the controlling law on malicious prosecution. Plaintiff was charged with fleeing or attempting to elude an officer, failure to stop at a red signal, failure to yield to an emergency vehicle, reckless driving, resisting arrest, and obstructing emergency services. Ultimately, she pleaded guilty to reckless driving, and the other charges were dropped. With counsel's consent, I proceeded to analyze the issue before trial commenced with the goal of providing clarity, so that neither party would be placed at a disadvantage before the jury in presenting a claim or defense later deemed irrelevant by the Court. I concluded that because of her plea, Plaintiff could not under controlling Third Circuit precedent establish "favorable termination" of the underlying charges and thus could not prevail on her malicious prosecution claim. That analysis, which Plaintiff rejects, was set forth in a memorandum before trial. ECF 21. Plaintiff had the right to appeal that ruling and did so, ECF 32, but then abandoned her appeal. ECF 34.

Regardless, adverse rulings generally do not provide a basis for recusal, *Liteky v. United States,* 510 U.S. 540, 555 (1994); *Securacomm Consulting, Inc. v. Securacom, Inc.,* 224 F.3d 273, 278 (3d Cir. 2000), and Plaintiff has no grounds for transfer of this case to another judge let alone another district. Plaintiff also asserts racial bias against her but cites nothing beyond her dissatisfaction with the ruling and the result.

Plaintiff's submissions raise complaints as to other cases she has litigated in this district. A docket review shows that all thirteen of these matters have since been closed. And as with this case, dissatisfaction with a judge's rulings rarely demonstrates bias warranting recusal.

The motions for recusal and transfer will be denied.

**II. Any claim for relief under Rule 60(b) (1), (2), or (3) is time barred.**

Plaintiff cites Fed. R. Civ. P. 60(b) in broad terms. To the extent that she seeks to invoke subparagraphs (1), (2), or (3), her motions are untimely, because the Rule explicitly provides that such a motion must be brought within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). The final judgment was entered on April 19, 2023, after the jury verdict. ECF No. 30, and the earliest of the motions filed here was docketed on June 3, 2026. ECF 38.

**III. Rule 60(b)(4) and (5) do not provide any basis for relief.**

Under Rule 60(b)(4), a judgment can be vacated if it is void. Relief under Rule 60(b)(4) is warranted "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010). This Court plainly had jurisdiction, and Plaintiff, represented by competent counsel, had her claims heard by a jury, including her claim for punitive damages. Even if the Court's one substantive ruling against Plaintiff was deemed erroneous, that would not be a basis for relief. *Marshall v. Board of Educ., Bergenfield, N.J.,* 575 F.2d 417, 422 (3d Cir. 1978). And Plaintiff's conclusory accusations of racial bias carry no weight.

As to Rule 60(b)(5), I can discern no applicability in this case.

**IV. Rule 60(b) provides no basis for relief, because Kamnik's subsequent guilty pleas are irrelevant to the outcome of the trial in this case.**

As a threshold matter, Plaintiff cannot avoid the time bar for newly discovered evidence established by Fed. R. Civ. P. 60(c)(1), because subparagraph (6) "is available only when Rules

60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States,* 142 S. Ct. 1856, 1861 (2022). She must therefore satisfy the demanding standard for relief under subparagraph (b)(6).

A party seeking relief from a final order under Rule 60(b)(6) must demonstrate "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir. 2002) (quoting *in re Fine Paper Antitrust Litig*., 840 F.2d 188 (3d Cir. 1988)). Such circumstances exist "where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc*., 989 F.2d 138, 140 (3d Cir. 1993). Such circumstances do not exist here, where Plaintiff simply lost her case, and Kamnik's subsequent pleas have no relevance.

The encounter leading to this action began with a 911 call by two Emergency Medical Technicians reporting that Plaintiff was interfering with their ability to provide treatment to their patient, who was Plaintiff's son, impairing their ability to safely transport him to a nearby hospital. The EMTs requested police assistance and Kamnik responded. He saw Plaintiff as she was following very closely behind an ambulance that had its lights and sirens activated. Kamnik activated his own lights and sirens in an attempt to pull her over, but she did not comply. Importantly, the entire pursuit was captured on the police car's dashcam, up to the point where Plaintiff parked in, and partially obstructed, the apron for arriving ambulances at the hospital. At trial, Plaintiff testified that she did not yield because there was no safe place to pull over, testimony the jury could see completely lacked credibility when compared against the available video. Plaintiff now contends that the video was altered, but there is no support for such a contention, as the video played seamlessly with a superimposed time stamp, and as noted above Ms. Jolly was represented by capable counsel who would not have hesitated to challenge questionable evidence.

Virtually all of Plaintiff's arrest at the hospital was also captured on video tape, with only

a brief portion where she was out of view. The issues of excessive force and common law battery based on inappropriate touching were submitted to the jury and it returned a defense verdict. Given the facts of this case, and the extensive video evidence, Kamnik's later guilty pleas are simply irrelevant. In simple terms, the jury rejected Plaintiff's testimony because there was substantial contemporaneous evidence that flatly contradicted her narrative.

There is no basis on which to vacate the judgment. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge